UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS F. DWYER,<br><br>                         Plaintiff,<br><br>                   -against-<br><br>UNITED KINGDOM GENERAL COMMUNICATIONS HEADQUARTERS (UKGCHQ); MALCOLM JOHN TOMBS,<br><br>                       Defendants. | 22-CV-7171 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Thomas F. Dwyer filed this action invoking the Court's diversity jurisdiction. He has paid the fees to bring this *pro se* action and alleges that Defendants violated his federally protected rights. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, a New York resident, filed this complaint against two Defendants located in the United Kingdom – the General Communications Headquarters (UKGCHQ) and Malcolm John Tombs – asserting claims under various amendments to the United States Constitution, and under federal criminal statutes, arising out of alleged incidents of "surveillance" and "terrorism" dating back to 2000. (ECF 1 at 5.)

Plaintiff alleges, *inter alia*, that Defendants have engaged in:[1]

Criminal Fraud, Criminal Negligence, for Civil conspiracy {Conspiracy against rights}, for surveillance of Plaintiff by Wireless {aka Cyber Surveillance} without Warrant or Cause on a 24/7/365 basis resulting in the Interception of Plaintiffs Oral/Electronic/Written Communications; for False imprisonment by the use of "HCT/BCI" {Human Computer Technology/Brain Computer Interface which is akin to being on an "Electronic leash by Force}; for Illegal Search and Seisure, Conversion of property {Property Theft}, for Assault, for Battery, for Major inconveniences;} for Exploiting Plaintiff for Information Warfare purposes{Theft of services}, for Criminal sexual harassment; for <u>Strict Liability</u> {Mr. Tombs accessing its UK GCHQ Radar Digital Communications Systems {Re COMPLAINT Malcolm John Tombs} for Acts terrorism transcending national boundaries resulting in Injury of person loss of property, for Business/Internet/Telecommunications Fraud. UK GCHQ {note

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and wording are as in the original.

> "Communications" using Radiological Dispersal Devices/Direct Energy Weapons Facilitated by Digital Radar Communications Systems/Radar Target Acquisition Systems/Radar Threats Weapons Systems for Cyber Surveillance/Cyber Terrorism/Cyber Sex; Exploitation of Plaintiff {Theft of Services} for Information Warfare purposes Plaintiffs expense {and Public expense}.

(*Id.* at 10-11.)

## DISCUSSION

### A. Dismissal of Plaintiff's complaint as frivolous

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts to support his assertions; accordingly, there is no factual predicate on which this Court can evaluate his claims. Indeed, the complaint provides no facts suggesting that the alleged actions of Defendants are even possible. Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

### B. Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

C.  **Litigation history and warning**

Because of Plaintiff's history of filing frivolous lawsuits, the court previously barred Plaintiff from filing civil actions in this court *in forma pauperis* ("IFP") without prior permission. *See Dwyer v. Tombs,* ECF 1:11-CV-288, 7 (LAP) (S.D.N.Y. Apr. 25, 2011). Plaintiff has previously sued Defendant Tombs on multiple occasions. *See Dwyer v. Tombs*, No. 07-CV-5865 (DAB) (S.D.N.Y. June 20, 2007) (dismissing IFP complaint as frivolous), *appeals dismissed as frivolous*, 07-3289, 07-3880-cv (2d Cir. Nov. 14, 2007) (dismissing appeals because they lacked "an arguable basis in law or fact"); *Dwyer v. Tombs*, Nos. 08-CV-2110, 08-CV-2115 (KMW) (S.D.N.Y. Mar. 3, 2008) (dismissing as frivolous two IFP complaints naming Tombs, among others). In addition, a prior case of Plaintiff's for which he paid the fees was dismissed as frivolous. *See Dwyer v. Tombs*, ECF 7:10-CV-7548, 9 (KMK) (S.D.N.Y. Mar. 14, 2011) (dismissing as frivolous complaint for which the fees to bring the action were paid, and denying motion for refund of fees). Based on this litigation history, the Court finds that Plaintiff knew or should have known that: (1) this complaint was frivolous when he filed it; and (2) that the Court dismisses frivolous actions even when the fees have been paid. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff is thus warned that further duplicative or frivolous litigation will result in an order barring Plaintiff from filing any further actions in this court, even if he pays the fees to bring an action, without first obtaining permission from this court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge